**\*\*\*ELECTRONICALLY FILED\*\*\***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CIVIL ACTION NO. _____


JAYNE BROWNING, Individually, and as
Administratrix of THE ESTATE OF
PAUL BROWNING, SR.                                       PLAINTIFF

-vs-                  **ANSWER ON BEHALF OF HARLAN COUNTY
AND STEVE S. DUFF, INDIVIDUALLY, AND
IN HIS OFFICIAL CAPACITY AS HARLAN COUNTY SHERIFF**

HARLAN COUNTY; STEVE DUFF, Individually,
and in his Official Capacity as HARLAN
COUNTY SHERIFF; and ROGER DEAN HALL,
Individually, and in his Official Capacity as
HARLAN COUNTY DEPUTY SHERIFF                  DEFENDANTS

_____

Come now the Defendants, Harlan County, Kentucky and Steve S. Duff, Individually,

and in his official capacity as Harlan County Sheriff, and for their Answer to the Complaint,

herein state as follows:

(1) The Complaint should be dismissed on the grounds that it fails to state a claim against

these answering Defendants for which the Court can properly grant relief.

(2) The claims of the Plaintiff are barred by the applicable statute of limitations.

(3) These answering Defendants admit the allegations contained in numerical paragraph

1 of the Complaint.

(4) These answering Defendants lack sufficient knowledge or information to form a

belief as to the truthfulness of the allegations contained in numerical paragraphs 2, 5, 7, 8, 10, 12, 14, 15 and 16 of the Complaint and therefore deny said allegations.

(5) These answering Defendants admit so much of numerical paragraph 3 of the Complaint as state that Steve Duff was Sheriff of Harlan County, Kentucky for a period of approximately thirteen (13) years, but these answering Defendants lack sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained in numerical paragraph 3 of the Complaint and therefore deny said allegations.

(6) These answering Defendants admit so much of numerical paragraph 4 of the Complaint as state that for a period of time the Defendant, Roger Dean Hall, was a Harlan County Deputy Sheriff, but deny the remaining allegations contained in numerical paragraph 4 of the Complaint.

(7) These answering Defendants state that with respect to the allegations contained in the Complaint relative to the Co-Defendant, Roger Dean Hall, that if, in fact, such allegations are true, but which are denied for lack of sufficient knowledge or information to form a belief as to the truthfulness thereof, that Roger Dean Hall was at all times acting outside the course and scope of his employment as a Harlan County Deputy Sheriff and that by reason thereof, neither of these Defendants are liable for his acts or omissions.

(8) These answering Defendants admit so much of the allegations of numerical paragraph 6 of the Complaint as state that from on or about February 25, 2002 through March 22, 2002, Paul Browning, Jr. was a candidate for the Office of Harlan County Sheriff and was a political opponent of the Defendant, Steve Duff.  These answering Defendants deny the remaining allegations contained in numerical paragraph 6 of the Complaint.

(9) These answering Defendants deny the allegations contained in numerical paragraph 9

of the Complaint.

(10)   These answering Defendants deny the allegations contained in numerical paragraph 11 of the Complaint.

(11)   These answering Defendants deny the allegations contained in numerical paragraph 13 of the Complaint.

(12)   These answering Defendants deny the allegations contained in numerical paragraph 17 of the Complaint.

(13)   These answering Defendants deny the allegations contained in numerical paragraphs 18, 19 and 20 of the Complaint.

(14)   These answering Defendants deny each and every other statement, allegation and demand contained in the Complaint not heretofore expressly admitted.

(15)   These answering Defendants state that the Plaintiff is barred from recovery herein, either in whole or in part, by reason of the contributory fault of Plaintiff's decedent, Paul Browning, Jr.

(16)   These answering Defendants state that the death of Paul Browning, Jr. was the result of an intervening and superseding cause over which these answering Defendants had no control and for which they are not legally responsible as a matter of law.

(17)   These answering Defendants state that the Defendant, Steve S. Duff, is entitled to qualified immunity and official immunity which are hereby asserted as affirmative defenses to the claims of the Plaintiff against him.

(18)   These answering Defendants state that the claims of the Plaintiff against Harlan County, Kentucky are barred by operation of the Doctrines of Sovereign Immunity and Governmental Immunity.

3

(19)     These answering Defendants state the claims against the Defendant, Harlan County, Kentucky, are barred by operation of the Eleventh Amendment to the Constitution of the United States.

(20)     These answering Defendants assert each and every privilege and immunity available to them under the laws of the United States of America and the Commonwealth of Kentucky.

(21)     These answering Defendants state that the claims of the Plaintiff for punitive damages are barred by operation of law.

(22)     These answering Defendants state that the facts and circumstances of this case do not warrant the imposition of punitive damages.

(23)     Insofar as the allegations of Plaintiff's Complaint assert claims under the common law and statutory law of the Commonwealth of Kentucky, these answering Defendants assert as an affirmative defense each and every term of the provision of the Kentucky Punitive Damages Statutes.

WHEREFORE, having fully answered, the Defendants, Harlan County, Kentucky, and Steve S. Duff, Individually, and in his official capacity as Harlan County Sheriff, demand that the Complaint be dismissed and that the Plaintiff take nothing thereby, for their costs herein expended, for trial by jury, and for any and all other relief to which they may appear entitled, either at law or in equity.

Michael J. Schmitt
Jonathan C. Shaw
PORTER, SCHMITT, BANKS & BALDWIN
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky  41240-1767
Telephone:     (606) 789-3747
Facsimile:     (606) 789-9862

By:   s/Michael J. Schmitt_____
Michael J. Schmitt
ATTORNEY FOR DEFENDANTS
Harlan County, Kentucky and
Steve S. Duff, Individually, and in his official
Capacity as Harlan County Sheriff

<u>CERTIFICATE OF SERVICE</u>:

I hereby certify that on August 4, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which forwards electronic distribution of the foregoing to:

Brad C. Freeman, Esq.
Freeman & Childers
201 S. Main Street
P.O. box 1546
Corbin, Kentucky  40702-1546

Warren N. Scoville, Esq.
Scoville Firm, PLLC
105 North Main Street
London, Kentucky 40741-1370

Roger Hall
95 Raywick Road
St. Mary, Kentucky 40063-8800

By:      s/Michael J. Schmitt_____
             Michael J. Schmitt
