**\*\*ELECTRONICALLY FILED\*\***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CIVIL ACTION NO. 10-cv-00222

JAYNE BROWNING, Individually, and as
Administratrix of THE ESTATE OF
PAUL BROWNING, SR.                                                                 PLAINTIFF

-vs-   **RESPONSE TO MOTION OF PLAINTIFF
FOR LEAVE TO VOLUNTARILY DISMISS
COUNT V OF THE COMPLAINT WITHOUT PREJUDICE**

HARLAN COUNTY; STEVE DUFF, Individually,
and in his Official Capacity as HARLAN
COUNTY SHERIFF; and ROGER DEAN HALL,
Individually, and in his Official Capacity as
HARLAN COUNTY DEPUTY SHERIFF                                          DEFENDANTS

_____

Come now the Defendants, Harlan County, Kentucky and Steve Duff, individually, and in his official capacity as Harlan County Sheriff, and object to the voluntary dismissal of Count V of the Complaint without prejudice. The Court should either deny the motion or require that dismissal of Count V of the Complaint be with prejudice.

**BACKGROUND**

The Plaintiff's Complaint was filed in the Harlan Circuit Court on July 12, 2010. It asserted not only claims of negligence and intentional tort against the Defendants, but also included at Count V, numerical paragraph 17 the following claim:

> "The actions of the Defendants constitute a violation of 42 U.S.C. § 1983 and the Section One of the Fourteenth Amendment to the Constitution of the United States of America."

The claim asserted in Count V of the Complaint vests this Court with original jurisdiction pursuant to 28 U.S.C. § 1331 which provides that:

> "The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws and treaties of the United States."

Accordingly, the Defendants removed this case to the United States District Court at London, Kentucky as permitted by 28 U.S.C. § 1441. Defendants' Notice of Removal was filed on August 4, 2010 together with their Answer. The Co-Defendant, Roger Hall, joined in the removal. On August 11, 2010, seven (7) days after Defendants' Answer was filed and two (2) days prior to the filing of an Answer filed by Co-Defendant, Roger Hall, the Plaintiff voluntarily dismissed Count V of her Complaint against Mr. Hall, pursuant to F.R.P. 41(a)(1). On August 13, 2010, Plaintiff moved to voluntarily dismiss without prejudice Count V of the Complaint as to the remaining Defendants, Harlan County, Kentucky and Steve Duff.

## ARGUMENT

Plaintiff seeks dismissal of Count V of the Complaint without prejudice pursuant to Rule 41(a)(2) which requires an order from the Court on terms that the Court considers proper. In the case at Bar, dismissal of Count V of the Complaint will serve to divest this Court of subject matter jurisdiction, thereby leading to a remand of the entire action to the Harlan Circuit Court. Plaintiff seeks to justify voluntary dismissal without prejudice on the basis that the Complaint, with the exception of Count V, consists solely of state law claims. She adds, however, that Count V was included in the Complaint because of the additional elements of damages available to a claim pursued through the vehicle of 42 U.S.C. § 1983. The Defendants would point out that a dismissal without prejudice permits the Plaintiff, once this Court loses subject matter

2

jurisdiction, to amend her Complaint and raise a claim under 42 U.S.C. § 1983 in State Court.  If this is truly the intent of the Plaintiff and her counsel, it represents forum shopping of the type condemned by the Court in <u>Virgil v. Montgomery</u>, 353 Fed. Supp. 2d 620 (E.D. North Carolina, 2005); 224 F.R.D. 609 (2004).  If the Plaintiff, in fact, is sincere in her desire to dismiss Count V of the Complaint as to these Defendants, such dismissal should be with prejudice so as to avoid the possibility of once again raising a 1983 claim in the Harlan Circuit Court which will have concurrent jurisdiction to entertain it.  Unless the dismissal is with prejudice, a subsequent amendment of the Complaint in State Court to include the count voluntarily dismissed at this time would represent an action designed solely to deprive this Court of jurisdiction and to frustrate the intent and purpose of 28 U.S.C. § 1331 and 28 U.S.C. § 1446.  Plaintiff's motive is insufficiently clear to justify a dismissal without prejudice.

## **CONCLUSION**

The Defendants, Harlan County, Kentucky and Steve Duff, respectfully move the Court to either overrule Plaintiff's motion for voluntary dismissal or in the alternative, to require that such dismissal of Count V of the Complaint be with prejudice.

        Michael J. Schmitt
        Jonathan C. Shaw
        PORTER, SCHMITT, BANKS & BALDWIN
        327 Main Street, P.O. Drawer 1767
        Paintsville, Kentucky  41240-1767
        Telephone:   (606) 789-3747
        Facsimile:    (606) 789-9862

By:   s/Michael J. Schmitt_____
       Michael J. Schmitt
       ATTORNEY FOR DEFENDANTS
       Harlan County, Kentucky and
       Steve S. Duff, Individually, and in his official
       Capacity as Former Harlan County Sheriff

CERTIFICATE OF SERVICE:

I hereby certify that on August 20, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which forwards electronic distribution of the foregoing to:

Brad C. Freeman, Esq.
Freeman & Childers
201 S. Main Street
P.O. box 1546
Corbin, Kentucky  40702-1546

Warren N. Scoville, Esq.
Scoville Firm, PLLC
105 North Main Street
London, Kentucky 40741-1370

                                        By:     s/Michael J. Schmitt_____
                                                 Michael J. Schmitt